IN THE CIRCUIT COURT OF THE
**SEVENTEENTH** JUDICIAL CIRCUIT
IN AND FOR **BROWARD** COUNTY,
FLORIDA

**WIDNEY ALEXANDRE,**

Case No. _A- 005458_

Plaintiff,

vs.

**DISTINCT HOME HEALTH SERVICES
INCORPORATED,** a Florida Profit Corporation,
**STEVE O. AKINBEHINJE,** individually;

Defendant.

_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, WIDNEY ALEXANDRE ("Plaintiff"), and other similarly-situated individuals, by and through the undersigned counsel, hereby sue Defendant, DISTINCT HOME HEALTH SERVICES INCORPORATED, a Florida Profit Corporation, and STEVE O. AKINBEHINJE., individually ("Defendant"), and in support avers as follows:

Plaintiff **WIDNEY ALEXANDRE,** and other similarly situated individuals, by

and through the undersigned counsel, hereby sues Defendants, DISTINCT HOME HEALTH

SERVICES INCORPORATED, a Florida Profit Corporation; STEVE O. AKINBEHINJE,

individually; collectively ("Defendants"), and in support avers as follows:

1.     This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees

       or costs for unpaid wages and Retaliation under the Fair Labor Standards Act, 29 U.S.C.

       §§ 201-219 ("FLSA").

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3.  Plaintiff was at all times relevant to this action, a resident of Broward County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4.  Defendant, DISTINCT HOME HEALTH SERVICES INCORPORATED, a Florida Profit Corporation, having its main place of business in Broward County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5.  Defendant, STEVE O. AKINBEHINJE, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, DISTINCT HOME HEALTH SERVICES INCORPORATED.

6.  Venue is proper in BROWARD County because all of the actions that form the basis of this Complaint occurred within BROWARD County and payment was due in BROWARD County.

7.  Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8.  All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

9.  Plaintiff performed work for Defendants from on or about April 25, 2016 through on or about September 12, 2016.

10. Plaintiff was a non-exempt employee, by virtue of the way Plaintiff was paid and/or Plaintiff's duties.

2

11.   Plaintiff was paid an hourly rate of $10.00.

12.   Plaintiff was not paid for all hours worked from on or about April 25, 2016 through on or about September 12, 2016.

13.   At all times relevant herein, Defendants had or should have had full knowledge of all hours worked by Named Plaintiff and Collective Plaintiffs, including those hours worked in excess of forty (40) in a given work week.

14.   On or about September 7, 2016, Plaintiff suffered a work-related injury where she injured her head, neck, back and left knee when she was involved in a motor vehicle accident while transporting patients for Defendants.

15.   The above-alleged injury required medical treatment.

16.   After the work-related accident as described above, Plaintiff reported said injuries to Defendant through the owner, Steve O. Akinbehinje, and requested medical treatment.

17.   As a result of Plaintiff's report of injuries and request for medical treatment, Defendant had notice that Plaintiff may need medical leave due to said injuries.

18.   On or about September 12, 2016, Defendant terminated Plaintiff's employment and did not allow Plaintiff to re-commence work for Defendant.

19.   Plaintiff's work prior to discharge was satisfactory or more than satisfactory.

## COUNT I
### *Wage & Hour Federal Statutory Violation against*
### *DISTINCT HOME HEALTH SERVICES INCORPORATED.*

20.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

3

21. This action is brought by Plaintiff to recover from Defendant unpaid wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

22. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

23. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

24. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

25. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

4

Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

26. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

27. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

28. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wage compensation for hours worked, with interest;

C.  Award Plaintiff an equal amount in double damages/liquidated damages;

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Wage & Hour Federal Statutory Violation against
### STEVE O. AKINBEHINJE

23.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

24.  At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, DISTINCT HOME HEALTH SERVICES INCORPORATED.

25.  Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

26.  Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

27.  Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

6

intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation Under Fla. Stat. § 440.205*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

36. As a result of Plaintiff's work-related injuries, Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

37. Defendant's termination of Plaintiff was thus in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

38. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Fla. Stat. § 440.205 and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for

7

the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award his front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: ___3-20-17___

Respectfully submitted,

**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgpattorneys.com
**Brody M. Shulman, Esq.**
Florida Bar No.: 92044
bshulman@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

9